MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:96-CR-308-T-17

GEORGE EDWIN FLORENCE.

_____/

ORDER

This cause is before the Court on:

Dkt. 235  Motion for Review of an Otherwise Final Sentence Imposed for an Offense for Which There is No Sentencing Guideline and is Plainly Unreasonable Pursuant to 18 U.S.C Sec. 3742(a)(4)

Defendant George Edwin Florence, *pro se*, requests that his sentence be modified or corrected under 18 U.S.C. Sec. 3742(a)(4) to reflect that the District Court lacked subject matter jurisdiction to enter amended judgments under either Fed. R. Crim. P. 35 or Rule 36, or to untimely alter the originally imposed sentence in this case.

1. Background

After a jury trial, the jury determined Defendant Florence was guilty on Counts 1, 2, 3 and 4 of the Superseding Indictment. (Dkt. 25). Defendant Florence was sentenced on June 27, 1997. A judgment was later entered. (Dkt. 41).

Defendant Florence appealed his conviction and sentence. (Dkt. 39). The Eleventh Circuit affirmed without opinion. (Dkt. 86).

The Court has reviewed the docket. Defendant Florence has sought post-conviction relief on many occasions.

2. Discussion

18 U.S.C. Sec. 3742(a) provides:

(a) **Appeal by a defendant**.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

...

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

The Court notes that Defendant Florence did not file a notice of appeal in order to seek further review of Defendant's sentence. Defendant Florence does not explain why Defendant Florence is proceeding under a provision for "review of a sentence for an offense for which there is no sentencing guideline and is plainly unreasonable." The Court has examined the PSR. The PSR identifies a guideline for Counts 1 and 3 (Armed Bank Robbery), and for Counts 2 and 4 (Possession of a Firearm During a Crime of Violence).

There is no remark or other explanation in the docket for the entry of the Amended Judgments. The Court notes that there is a hand-written correction to the date of the second Armed Bank Robbery on the face of the Judgment (7/12/96). (Dkt. 41). In the Amended Judgment, the date of the second Armed Bank Robbery is changed (7/12/97); however, the change is incorrect. (Dkt. 51). In the Second Amended Judgment (Dkt. 53), the date of the second Armed Bank Robbery is again changed (7/12/96). One page is also added to the Second Amended Judgment, which merely reflects that the Court adopted the factual findings and guideline applications in the presentence report, shows the guideline range determined by the Court at sentencing, and which states that the sentence is within the guideline range; that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

In this district, the Statement of Reasons is filed separately under seal. The Court does not know why one page of the Statement of Reasons was attached to a Judgment entered in 1997, and notes only that the information attached to the Judgment does not alter the terms of the sentence that was originally imposed on Defendant Florence.

Fed. R. Crim P. 36 provides:

> **Rule 36. Clerical Error**
>
> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

After consideration, the Court finds that the Amended Judgments were entered in an attempt to correct a clerical error in the Judgment and an omission in the record (the presence of the Statement of Reasons). The entry of the Amended Judgments did not adversely affect the execution of Defendant Florence's sentence, or the prosecution of Defendant Florence's appeal. The Court may correct a clerical error at any time pursuant to Fed. R. Crim. P. 36. The Court therefore denies Defendant Florence's Motion to Review. Accordingly, it is

**ORDERED** that *pro se* Defendant George Edwin Florence's Motion for Review (Dkt. 235) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 18th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record

***Pro Se* Defendant:**

George Edwin Florence
98316-131
FEDERAL SATELLITE LOW
3680 Hwy. 301 South
Jesup, GA    31599